Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead
Plaintiff and for the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRY KRIVENOK, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JOINT STOCK COMPANY KASPI.KZ, MIKHEIL LOMTADZE, and TENGIZ MOSIDZE, <br><br> Defendants. | Case No. 2:24-cv-10926-RGK-AGR <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SIMON THROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: R. Gary Klausner <br> Hearing Date: March 24, 2025 <br> Time: 09:00 AM <br> CTRM: 850, 8th Floor |

1

Movant Simon Throup ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all persons other than defendants who purchased or otherwise acquired the securities of Joint Stock Company Kaspi.kz. between January 19, 2024 and September 19, 2024, inclusive (the "Class Period"), to recover damages caused by defendants' violations of the federal securities laws (the "Class"); and

(2) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

This action was commenced by Rosen Law on December 19, 2024 against Defendants Joint Stock Company Kaspi.kz ("Kaspi.kz", "Kaspi" or the "Company"), Mikheil Lomtadze, and Tengiz Mosidze ("Defendants") for violations under the Exchange Act. Dkt. No. 1. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

2

The Company is based in Kazakhstan. Dkt. No. 1 ¶ 9. Kaspi.kz has a subsidiary called Kaspi Bank, which is one of the largest financial institutions in Kazakhstan. *See id*, ¶ 7. Kaspi.kz also runs a marketplace where customers can buy products from various merchants. *Id.* ¶8. The Company's American Depositary Shares ("ADS" or "ADSs") trade on the NASDAQ under the ticker symbol KSPI. *Id.* ¶ 9.

The complaint alleges that throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational and financial results. Specifically, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Kaspi.kz continued doing business with Russian entities, and also providing services to Russian citizens, after Russia's 2022 invasion of Ukraine, thereby exposing Kaspi.kz to the undisclosed risk of sanctions; (2) Kaspi.kz engaged in undisclosed related party transactions; (3) certain of Kaspi.kz's executives have links to reputed criminals; and (4) as a result, Defendants' statements about Kaspi.kz's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id.* ¶ 41.

Then, on September 19, 2024, Culper Research ("Culper") issued a report entitled "Kaspi.kz (KSPI): The NASDAQ-listed Fintech Moving Money for Criminals and Kleptocrats" (the "Report"). *Id.* ¶ 42.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SIMON THROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL 2:24– cv-10926-RGK-AGR

In summary, Culper stated that "[w]e believe Kaspi has systematically misled U.S. investors and regulators in its repeated claims – especially ahead of the Company's [NASDAQ listing] – that [it] has zero exposure to Russia." *Id.* ¶ 43. Further, Culper stated that its "research exposes this grave deception: we believe that not only do Kaspi's relationships with Russian partners permeate every segment of its business, but that in the wake of Russia's February 2022 invasion of Ukraine and into [2024], Russia has contributed Materially to Kaspi's reported growth." *Id.* Culper further stated that its "research further unmasks Kaspi's history of shadowy dealmaking, which raises not only related party and self-dealing concerns, but also exposes the Company's vast, longstanding ties to bad actors including sanctioned oligarchs and Russian mobsters." *Id.*

On this news, the price of Kaspi.kz ADS' fell 16.1% on September 19, 2024, and a further 2.7% on September 20, 2024. *Id.* ¶ 100.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

4

directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant

5

attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $1,505.41 in connection with his purchases of Kaspi.kz securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

6

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are

7

deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements about Kaspi.kz and its business. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.      Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SIMON THROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL 2:24– cv-10926-RGK-AGR

(aa)  will not fairly and adequately protect the interest of the class;

or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class. Further, Movant holds a Bachelor of Arts degree with honors, and has ten years of investing experience. He works as a software tester in the aviation industry, and lives in Portsmouth, United Kingdom.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the class' and Movant's claims, including filing this action, reviewing publicly available financial and other documents and gathering

9

information in support of the claims against the defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   February 18, 2025          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SIMON THROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL 2:24– cv-10926-RGK-AGR

Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and for the Class*

11

## **<u>CERTIFICATE OF WORD COUNT</u>**

The undersigned, counsel of record for Simon Throup, certifies that this brief contains 1,845 words, which complies with the word limit of L.R. 11-6.1.

Executed on February 18, 2025.


<u>/s/ Laurence M. Rosen</u>

12

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On February 18, 2025, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SIMON THROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 18, 2025.

/s/ Laurence Rosen
Laurence M. Rosen

13