**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290

*Attorneys for Lead Plaintiff Movant*
*Wayne V. Kilthau and [Proposed]*
*Lead Counsel for the Class*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRY KRIVENOK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOINT STOCK COMPANY KASPI.KZ, MIKHEIL LOMTADZE, and TENGIZ MOSIDZE,<br><br>Defendants. | No.: 2:24-cv-10926-RGK-AGR<br><br>**WAYNE V. KILTHAU'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION**<br><br>Judge: Hon. R. Gary Klausner<br>Date: March 24, 2025<br>Time: 9:00 a.m.<br>Courtroom: #850 |

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:24-cv-10926-RGK-AGR

i

# **TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ...................................................................1

II.  ARGUMENT ........................................................................................3

  A.  The PSLRA Process for Selecting a Lead Plaintiff....................................3

  B.  Mr. Kilthau Is the "Most Adequate" Lead Plaintiff ....................................4

    1.  Mr. Kilthau Possesses the "Largest Financial Interest" ...........................4

    2.  Mr. Kilthau Satisfies Rule 23's Typicality and Adequacy
        Requirements. ..............................................................................6

  C.  No Movant Can Rebut the Strong Presumption in Favor of Appointing
      Mr. Kilthau as Lead Plaintiff.............................................................8

III.  CONCLUSION ....................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Intuitive Surgical, Inc.,*

No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18, 2013)......................................................................................................................4, 5

*In re Cavanaugh,*

306 F.3d 726 (9th Cir. 2002)......................................................................4, 5, 9

*Crawford v. Honig,*

37 F.3d 485 (9th Cir. 1994)................................................................................7

*Crews v. Rivian Auto., Inc.,*

No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795 (C.D. Cal. July 1, 2022)..................................................................................................................5

*Doherty v. Pivotal Software, Inc.,*

No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360 (N.D. Cal. Nov. 8, 2019)..................................................................................................................4

*Ferrari v. Gisch,*

225 F.R.D. 599 (C.D. Cal. 2004) ....................................................................1, 6

*Hufnagle v. Rino Int'l Corp.,*

No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011)................................................................................9

*Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at \*17 (N.D. Ill. Aug. 6, 1997) ...................................................................5

*In re Olsten Corp. Securities Litig.,*
   3 F. Supp. 2d 286 (E.D.N.Y. 1998)....................................................................5

*Perlmutter v. Intuitive Surgical, Inc.,*
   No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813 (N.D. Cal. Feb. 15, 2011)....................................................................................................................1

*In re Stitch Fix, Inc. Sec. Litig.,*
   393 F. Supp. 3d 833 (N.D. Cal. 2019) ...............................................................4

*Takeda v. Turbodyne Techs., Inc.,*
   67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ..............................................................2

*Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.,*
   No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452 (C.D. Cal. Sep. 29, 2017).............................................................................................................5

**Statutes**

15 U.S.C. § 78u-4 ....................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ....................................................................................*passim*

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:24-cv-10926-RGK-AGR

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B). Under that directive, Wayne V. Kilthau ("Mr. Kilthau") is the "most adequate plaintiff" because he is the movant with the largest financial interest and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate loss suffered. *Ferrari v. Gisch,* 225 F.R.D. 599, 604 (C.D. Cal. 2004); *see also Perlmutter v. Intuitive Surgical, Inc.,* No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *11-12 (N.D. Cal. Feb. 15, 2011) (describing different approaches).

As the following table demonstrates, Mr. Kilthau possesses the largest financial interest in the Action under all four *Olsten/Lax* factors.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Wayne V. Kilthau | 748 | 748 | $100,650.28 | $20,083.38 |
| Simon Throup | 66 | 66 | $8,614.26 | $1,505.41 |

*See* ECF Nos. 18-3 and 21-5.

With **nearly 20 times more** losses than the only other movant, Simon Throup[1], there can be no dispute that Mr. Kilthau holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Mr. Kilthau has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Mr. Kilthau is typical of the other class members insofar as he acquired Kaspi.kz ("Kaspi.kz", "Kaspi", or the "Company") securities between January 19,

---

[1] On March 3, 2025, movant Simon Throup filed a notice of non-opposition, stating that he, "does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA." *See* ECF No. 22.

2024 and September 19, 2024, inclusive (the "Class Period") and was damaged as a result. Mr. Kilthau does not have any interests adverse to the class and, as demonstrated in his declaration accompanying his motion, is ideally suited to serve as the lead plaintiff given his over 20 years of investing experience and experience overseeing attorneys. *See* ECF No. 21-7.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Mr. Kilthau is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the only other movant cannot rebut this presumption with proof that Mr. Kilthau is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Kilthau respectfully requests that the Court grant his motion in its entirety and deny the competing motion.

## II.    ARGUMENT

### A.    The PSLRA Process for Selecting a Lead Plaintiff

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."

15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. See *Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589-CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.,* 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.,* No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest and satisfies Rule 23, is then the "presumptive lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id*.

**B.** **Mr. Kilthau Is the "Most Adequate" Lead Plaintiff**

*1.* ***Mr. Kilthau Possesses the "Largest Financial Interest"*** *.*

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Kilthau is entitled to that presumption because, relative to the other movant, Mr. Kilthau's losses are far greater. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.,* No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed). *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis". *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.,* No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017). In this instance, Mr. Kilthau is the movant with the largest loss under all four factors, including the most important factor, approximate loss suffered.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Wayne V. Kilthau | 748 | 748 | $100,650.28 | $20,083.38 |
| Simon Throup | 66 | 66 | $8,614.26 | $1,505.41 |

*See* ECF Nos. 18-3 and 21-5.

As compared to the Mr. Throup, Mr. Kilthau purchased and retained over *11 times more* shares, expended *over $90,000 more*, and lost $20,083.38– nearly *20 times* more money than Mr. Throup lost on his Kaspi shares. Accordingly, Mr. Kilthau has the largest financial interest in this matter.

**2.      Mr. Kilthau Satisfies Rule 23's Typicality and Adequacy Requirements.**

Not only does Mr. Kilthau possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari*, 225 F.R.D. 599 at 606. (internal quotations removed). Mr. Kilthau's claims are typical of those of other Class members because, like other Class members, he acquired Kaspi securities

during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Mr. Kilthau's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Kilthau must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Kilthau has no conflicts with other Class Members, nor is there evidence of any antagonism between Mr. Kilthau's interest and those of the Class.

Finally, Mr. Kilthau has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Mr. Kilthau provided his education, employment, and years of investing experience. *See* ECF No. 21-7. Mr. Kilthau considers himself to be a sophisticated individual, having been investing in the stock market for over 20 years. *Id*. He resides in San Jose, California, and possesses a bachelor degree of electrical engineering. *Id*. Mr. Kilthau currently owns a home care business, Emerald Blossom Manor, LLC., for developmentally disabled adults. *Id*. Prior to his business, Mr. Kilthau worked as a software engineer for Apple, Inc. *Id*. He has experience overseeing attorneys, as he has hired attorneys for trust

planning matters. *Id.* Further, in his certification and declaration, Mr. Kilthau states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 21-4; 21-7 (PSLRA Certification & Mr. Kilthau Declaration).

Mr. Kilthau, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Kilthau is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

## C.  No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Kilthau as Lead Plaintiff.

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Action of all movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Mr. Kilthau has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Mr. Kilthau, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Action. *See* 15 U.S.C. §78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mr. Kilthau's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mr. Kilthau "will not fairly and

adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Mr. Kilthau is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.,* No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). This is something that Mr. Throup, the only other movant, cannot do. Accordingly, Mr. Kilthau's motion should be granted in its entirety.

## III.   CONCLUSION

For the foregoing reasons, Mr. Kilthau respectfully requests that the Court grant his Motion and enter an order: (1) appointing Mr. Kilthau as Lead Plaintiff; (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

Dated: March 3, 2025

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*

Adam M. Apton (SBN 316506)
aapton@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290

*Lead Counsel for Wayne V. Kilthau and [Proposed] Lead Counsel for the Class*

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Wayne V. Kilthau, certifies that this brief contains 2,002 words, which complies with the word limit of L.R. 11-6.1 and Paragraph 6 of this Court's Standing Order Regarding Newly Assigned Cases dated May 2023. Executed on this 3rd day of March 2025.

/s/ Adam M. Apton
Adam M. Apton

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On March 3, 2025, I electronically filed the following **WAYNE V. KILTHAU'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record. Executed on this 3rd day of March 2025.

*/s/ Adam M. Apton*
Adam M. Apton